**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

JACQUELYN A. VANDEHEY, and
MICHELLE L. O'LAIRE, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

    *vs.*

                           Case No: 1:18-CV-000144

ASSET RECOVERY SOLUTIONS, LLC, an
Illinois limited liability company; VELOCITY
INVESTMENTS LLC, a New Jersey limited
liability company; and, JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF ASSET RECOVERY SOLUTIONS, LLC**

    NOW Comes the Defendant, Asset Recovery Solutions, LLC ("ARS") by and through their

attorneys Actuate Law, LLC, and as for the Answers and Affirmative Defenses to Plaintiff's

Complaint, states as follows:

### I.      PRELIMINARY STATEMENT

    1.    Plaintiffs, on their own behalf and on behalf of the class they seek to represent,

bring this action for the illegal practices of Defendants who, *inter alia,* used false, deceptive, and

misleading practices, and other illegal practices, in connection with their attempts to collect an

alleged debt from Plaintiffs and other similarly situated Wisconsin consumers.

    **ANSWER:    ARS denies the allegations contained in paragraph 1.**

    2.    Plaintiffs allege Defendants' collection practices violate the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

    **ANSWER:    In answer to the allegations in paragraph 2, the allegations set forth a legal**

**conclusion for which an answer either admitting or denying the assertions is not required. To the**

extent an answer is required, ARS denies the allegations in paragraph 2.

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

**ANSWER:**   **In answer to the allegations in paragraph 3, ARS admits that the FDCPA and related legislative history speaks for itself, but deny Plaintiffs' characterizations of same. The allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

4.      The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**   **In answer to the allegations in paragraph 4, ARS admits that the FDCPA and related legislative history speaks for itself, but deny Plaintiffs' characterizations of same. The allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

5.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of

2

certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the per *se* violations prohibited by that section are: making a false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); threatening to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

**ANSWER:** **In answer to the allegations in paragraph 5, ARS admits that the FDCPA and related legislative history speaks for itself, but deny Plaintiffs' characterizations of same. The allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

6. Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

**ANSWER:** **ARS admits that Plaintiffs seek statutory damages, attorneys fees, costs and other relief that may be available under the FDCPA, but deny they are entitled to it.**

## II. PARTIES

7. VANDEHEY is a natural person.

**ANSWER:** **ARS admits the allegations in paragraph 7.**

8. At all times relevant to this lawsuit, VANDEHEY was a citizen of, and resided in, the City of Kaukauna, Outagamie County, Wisconsin.

**ANSWER:** **ARS can neither admit or deny the allegations in Paragraph 8 because the information ARS knows or can obtain is insufficient to admit or deny where Plaintiff was**

a citizen and where she resided.

9. O'LAIRE is a natural person.

**ANSWER:** **ARS admits the allegations in paragraph 9.**

10. At all times relevant to this lawsuit, O'LAIRE was a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

**ANSWER:** **ARS can neither admit or deny the allegations in Paragraph 8 because the information ARS knows or can obtain is insufficient to admit or deny where Plaintiff was a citizen and where she resided.**

11. At all times relevant to this complaint, ASSET RECOVERY SOLUTIONS, LLC is a limited liability company existing pursuant to the laws of the State of Illinois.

**ANSWER:** **ARS admits the allegations in paragraph 11.**

12. Plaintiff is informed and believes, and on that basis alleges, that ASSET RECOVERY maintains its principal business address at 2200 East Devon Avenue, Suite 200, City of Des Plaines, Illinois.

**ANSWER:** **ARS admits the allegations in paragraph 12.**

13. On information and belief, ASSET RECOVERY has registered with the State of Wisconsin as a foreign limited liability company.

**ANSWER:** **ARS admits the allegations in paragraph 13.**

14. At all times relevant to this complaint, VELOCITY is a limited liability company existing pursuant to the laws of the State of New Jersey.

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 14 as the information ARS knows or can readily obtain is insufficient to admit or deny the allegations.**

15. Plaintiff is informed and believes, and on that basis alleges, that VELOCITY

4

maintains its principal business address at 1800 Route 34, Building 4, Suite 404A, Township of Wall, New Jersey.

**ANSWER:      ARS neither admits nor denies the allegations in paragraph 15 as the information ARS knows or can readily obtain is insufficient to admit or deny the allegations.**

16.     On information and belief, VELOCITY has registered with the State of Wisconsin as a foreign limited liability company.

**ANSWER:      ARS neither admits nor denies the allegations in paragraph 16 as the information ARS knows or can readily obtain is insufficient to admit or deny the allegations.**

17.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs, who will amend this Complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

**ANSWER:      ARS neither admits nor denies the allegations in paragraph 17 as the information ARS knows or can readily obtain is insufficient to admit or deny the allegations.**

18.     On advice of counsel, Plaintiffs allege that, on information and belief, JOHN AND JANE DOES NUMBERS 1 THROUGH 25 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures that are the subject of this Complaint and were used by Defendants and their employees. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all the wrongdoing alleged herein.

**ANSWER:      ARS neither admits nor denies the allegations in paragraph 18 as the**

5

information ARS knows or can readily obtain is insufficient to admit or deny the allegations contained in paragraph 18.

### III. JURISDICTION & VENUE

19. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**ANSWER: ARS admits the allegations contained in paragraph 19.**

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

**ANSWER: ARS does not contest venue.**

### IV. FACTS APPLICABLE TO ALL PLAINTIFFS

21. ASSET RECOVERY SOLUTIONS, LLC regularly collects, and attempts to collect, defaulted debts which were incurred, or are alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and Internet. In addition, the principal purpose of ASSET RECOVERY SOLUTIONS, LLC is the collection of such debts.

**ANSWER: In answer to the allegation in paragraph 21, ARS admits that at least one of its business functions is the collection of debts on behalf of third parties, but denies remainder of paragraph 21 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertion is not required.**

22. VELOCITY regularly collects, and attempts to collect, defaulted debts which were incurred, or are alleged to have been incurred, for personal, family, or

6

household purposes on behalf of others using the U.S. Mail, telephone, and Internet. In addition, the principal purpose of VELOCITY is the purchase and collection of defaulted consumer debts.

**ANSWER:** **In answer to the allegation in paragraph 22, ARS lacks information necessary to either admit or deny the factual allegations set forth in paragraph 22, but denies such allegations that set forth a legal conclusion for which an answer either admitting or denying the assertion is not required.**

23. On advice of counsel, Plaintiffs allege that, on information and belief, at all times relevant to the collection of the debts alleged herein, there existed a principal-agent relationship between VELOCITY on the one-hand, and ASSET RECOVERY on the other hand.

**ANSWER:** **In answer to the allegation in paragraph 23, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertion is not required.**

24. At a minimum, at all times relevant to the collection of the a debts alleged herein, ASSET RECOVERY was also the agent for VELOCITY, acting within the course and scope of its employment at the time of the incidents complained of herein, and were under the direct supervision, control, and approval of VELOCITY.

**ANSWER:** **In answer to the allegation in paragraph 24, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertion is not required.**

25. At a minimum, at as the principal and a debt collector, VELOCITY is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as ASSET RECOVERY, who are working on its behalf to collect debts from consumers.

7

**ANSWER:** ARS neither admits nor denies the allegations in Paragraph 25, because the information ARS knows or can obtain is insufficient to admit or deny the allegations in paragraph 25. To the extent a response is required, ARS denies that Velocity is vicariously liable for any alleged activity of ARS.

### V. FACTS CONCERNING VANDEHEY

26. VANDEHEY received a letter ("Vandehey Letter") dated June 28, 2017.

**ANSWER:** ARS admits that it sent a letter to Vandehey dated June 28, 2017. ARS can neither admit nor deny the remaining allegations contained in paragraph 26 as the information ARS knows or can obtain is insufficient to admit or deny the remaining allegations in paragraph 26.

27. A true copy of the Vandehey Letter is attached as *Exhibit A* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect Vandehey's privacy.

**ANSWER:** ARS neither admits nor denies the allegations contained in paragraph 27 as the document speaks for itself.

28. The Vandehey Letter described an alleged defaulted past-due balance ("Vandehey Debt") regarding a personal loan originally owed to Prosper Funding LLC.

**ANSWER:** ARS neither admits nor denies the allegations contained in paragraph 28 as the document speaks for itself.

29. The Vandehey Debt is alleged by Defendants to be a financial obligation arising out of one or more transactions the subject(s) of which were primarily for personal, family, and household purposes.

**ANSWER:** ARS neither admits nor denies the allegations in paragraph 29 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions

8

is not required. **To the extent an answer is required, ARS denies the allegations and, to the extent the allegations rely on Exhibit A, the document speaks for itself.**

30. On information and belief, as inferred from the Vandehey Letter, VELOCITY purchased the Vandehey Debt after it was in default and charged-off by the original creditor.

**ANSWER:** **ARS admits that Velocity purchased the Vandehey Debt from Prosper, but denies the remaining allegations contained in paragraph 30.**

31. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer,* 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a `charge-off account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 31, as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent the allegations in paragraph 31 are restating the laws of the United States, the laws of the United States speak for themselves. ARS denies any characterization of these laws to the extent they are inconsistent with the text of the laws themselves.**

32. On advice of counsel, VANDEHEY alleges that, on information and belief, the Vandehey Letter is a computer-generated from a template or form that ASSET RECOVERY uses to collect defaulted debts on behalf of VELOCITY.

**ANSWER:** **ARS denies the allegations in paragraph 32.**

9

33.    *Exhibit A* is the initial written communication ASSET RECOVERY sent to VANDEHEY.

**ANSWER:    ARS admits the allegations in paragraph 33.**

34.    *Exhibit A* lists a "Total Current Balance" at the top of the letter and then goes on to state that, "the account balance may periodically increase due to the addition of interest."

**ANSWER:    ARS neither admits nor denies the allegations contained in paragraph 34 as the document speaks for itself.**

35.    On advice of counsel, VANDEHEY alleges that, on information and belief, the Vandehey Letter makes false, deceptive, and misleading representations to the unsophisticated consumer that "the account balance may periodically increase due to the addition of interest" after the date of the Vandehey Letter when, in fact, the amount is static and VELOCITY neither adds, nor intends to add, interest to debts ASSET RECOVERY seeks to collect on its behalf.

**ANSWER:    ARS denies the allegations contained in paragraph 35.**

36.    *Exhibit A* fails to inform unsophisticated consumers of the amount of the debt owed.

**ANSWER:    ARS denies the allegations contained in paragraph 36.**

37.    Therefore, the Vandehey Letter deprived VANDEHEY of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

**ANSWER:    ARS denies the allegations contained in paragraph 37.**

**VI.    FACTS CONCERNING O'LAIRE**

38.    O'LAIRE received a letter ("O'Laire Letter") dated October 3, 2017.

**ANSWER: ARS admits that it sent a letter to O'Laire dated October 3, 2017. ARS can neither admit nor deny the remaining allegations contained in paragraph 38 as the**

information ARS knows or can obtain is insufficient to admit or deny the remaining allegations in paragraph 26.

39. A true copy of the O'Laire Letter is attached as ***Exhibit B*** except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect O'Laire's privacy.

**ANSWER: ARS neither admits nor denies the allegations contained in paragraph 39 as the document speaks for itself.**

40. The O'Laire Letter described an alleged defaulted past-due balance ("O'Laire Debt") regarding a personal loan originally owed to Prosper Funding LLC.

**ANSWER: ARS neither admits nor denies the allegations contained in paragraph 40 as the document speaks for itself.**

41. The O'Laire Debt is alleged by Defendants to be a financial obligation arising out of one or more transactions the subject(s) of which were primarily for personal, family, and household purposes.

**ANSWER: ARS neither admits nor denies the allegations in paragraph 41 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, ARS denies the allegations and, to the extent the allegations rely on Exhibit B, the document speaks for itself.**

42. On information and belief, as inferred from the O'Laire Letter, VELOCITY purchased the O'Laire Debt after it was in default and charged-off by the original creditor.

**ANSWER: ARS admits that Velocity purchased the O'Laire Debt from Prosper, but denies the remaining allegations contained in paragraph 42.**

43. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J.

11

Haneman, *The Ethical Exploitation of the Unrepresented Consumer,* 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a `charge-off account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

**ANSWER: ARS neither admits nor denies the allegations in paragraph 43, as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent the allegations in paragraph 43 are restating the laws of the United States, the laws of the United States speak for themselves. ARS denies any characterization of these laws to the extent they are inconsistent with the text of the laws themselves.**

44.    On advice of counsel, O'LAIRE alleges that, on information and belief, the O'Laire Letter is a computer-generated from a template or form that ASSET RECOVERY uses to collect defaulted debts on behalf of VELOCITY.

**ANSWER: ARS denies the allegations contained in paragraph 44.**

45.    *Exhibit B* is the initial written communication ASSET RECOVERY sent to O'LAIRE.

**ANSWER: ARS admits the allegations contained in paragraph 45.**

46.    *Exhibit B* lists a "Total Current Balance" at the top of the letter and then goes on to state that, "the account balance may periodically increase due to the addition of interest."

**ANSWER: ARS neither admits nor denies the allegations contained in paragraph 46 as the document speaks for itself.**

47.     On advice of counsel, O'LAIRE alleges that, on information and belief, the

O'Laire Letter makes false, deceptive, and misleading representations to the unsophisticated consumer that "the account balance may periodically increase due to the addition of interest" after the date of the O'Laire Letter when, in fact, the amount is static and VELOCITY neither adds, nor intends to add, interest to debts ASSET RECOVERY seeks to collect on its behalf.

**ANSWER:    ARS denies the allegations contained in paragraph 47.**

48.    *Exhibit B* fails to inform unsophisticated consumers of the amount of the debt owed.

**ANSWER:    ARS denies the allegations in paragraph 48.**

49.    Therefore, the O'Laire Letter deprived O'LAIRE of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

**ANSWER:    ARS denies the allegations in paragraph 49.**

## VII. POLICIES AND PRACTICES COMPLAINED OF

50.    It is Defendants' policy and practice to mail written collection communications to consumers, in the form attached as *Exhibit A* and *Exhibit B,* which violate the FDCPA.

**ANSWER:    ARS admits that it mails out written collection communications, but denies that such communications violate the FDCPA. Regarding the remainder of the allegations in paragraph 50, ARS neither admits nor denies the allegations as the documents speak for themselves. Further, ARS can neither admit or deny allegations regarding Velocity's policies or practices.**

51.    The violations alleged in this complaint did not only occur with respect to Plaintiffs, but with respect to all other Wisconsin consumers who received a letter similar to *Exhibit A* and *Exhibit B.* There are at least forty people in this situation, given the fact Defendants collect debts through their use of bulk form letters like *Exhibit A* and *Exhibit B.*

13

**ANSWER: ARS denies that the acts alleged in this complaint constitute "violations."**

## VIII. CLASS ALLEGATIONS

52.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER: ARS admits that this action is brought as a purported class, but denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 52.**

53.     Plaintiffs seek to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

**ANSWER: ARS admits that Plaintiff brings this action as a purported class, but denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 53.**

54.     This claim is brought on behalf of a Class of all persons to whom ASSET RECOVERY mailed an initial written communication in the form of *Exhibit A* and/or *Exhibit B,* to an address in the State of Wisconsin, during the period of January 29, 2017 through February 19, 2018, which sought to collect a debt on behalf of VELOCITY, and which stated "the account balance may periodically increase due to the addition of accrued interest."

**ANSWER: ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 54.**

55.     The identities of the Class members are readily ascertainable from the business records of Defendants and those entities on whose behalf they attempt to collect debts.

**ANSWER: ARS denies that a class exists and denies that a class should be**

certified, and denies the remaining allegations contained in paragraph 55.

56. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from ASSET RECOVERY substantially in the same form as *Exhibit A* and *Exhibit B*.

**ANSWER: ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 56.**

57. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendants' written communications to consumers in the form of *Exhibit A* and *Exhibit B* violate 15 U.S.C. §§ 1692e including, but not limited to, §§ 1692e(2)(A), 1692e(5), and 1692e(10), and 15 U.S.C. § 1692g(a)(1).

**ANSWER: ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 57.**

58. Plaintiffs' claims are typical of the Class members, as all are based upon the same facts and legal theories.

**ANSWER: ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 58.**

59. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests which might cause them not to vigorously pursue this action.

**ANSWER: ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 59.**

15

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** On advice of counsel, Plaintiffs allege on information and belief that Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether Defendants' written communications in the form of *Exhibit A* and *Exhibit B* violate 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** Plaintiffs' claims are typical of class members' claims. Plaintiffs and all members of the Class have claims arising from Defendants' common course of conduct complained of herein.

(d) **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interests that are averse to absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly

16

situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

**ANSWER:** **ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 60.**

61.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** **ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 61.**

62.     Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Vandehey Letter and/or the O'Laire Letter.

**ANSWER:** **ARS denies that a class exists and denies that a class should be certified, and denies the remaining allegations contained in paragraph 62.**

## IX.     FIRST CAUSE OF ACTION

63.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

17

**ANSWER:** **ARS incorporates its answers to paragraphs 1-62 as if stated herein.**

64. ASSET RECOVERY SOLUTIONS, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 64 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

65. VELOCITY INVESTMENTS LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 65 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

66. VANDEHEY is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 64 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

67. The Vandehey Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 67 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

68. The Vandehey Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**ANSWER:** **ARS neither admits nor denies the allegations in paragraph 68 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

69. The Vandehey Letter was mailed by Defendants in their attempt to collect the

18

Vandehey Debt.

**ANSWER: ARS admits that the Vandehey letter was mailed by ARS in an attempt to collect a debt, but denies the remainder of the allegations in paragraph 69.**

70.     Defendants' mailing of the Vandehey Letter violated the FDCPA including, but not limited to, using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violation of §§ 1692e (2)(A), 1692e(5), and 1692e(10) and by failing to state the amount of the debt owed in violation of § 1692g(a)(1).

**ANSWER: ARS denies the allegations set forth in paragraph 70.**

71.     O'LAIRE is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER: ARS neither admits nor denies the allegations in paragraph 71 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

72.     The O'Laire Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER: ARS neither admits nor denies the allegations in paragraph 72 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

73.     The O'Laire Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**ANSWER: ARS neither admits nor denies the allegations in paragraph 73 as the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.**

74.     The O'Laire Letter was mailed by Defendants in their attempt to collect the O'Laire Debt.

**ANSWER: ARS admits that the O'Laire letter was mailed by ARS in an**

**attempt to collect a debt, but denies the remainder of the allegations in paragraph 74.**

75.     Defendants' mailing of the O'Laire Letter violated the FDCPA including, but not limited to, using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violation of §§ 1692e (2)(A), 1692e(5), and 1692e(10) and by failing to state the amount of the debt owed in violation of § 1692g(a)(1).

**ANSWER:     ARS denies the allegations set forth in paragraph 75.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to raise the claims in the Complaint because they cannot demonstrate any injury in fact or any injury traceable to the alleged FDCPA violation. *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016).

### SECOND AFFIRMATIVE DEFENSE

ARS acted in good faith with reasonable motive. It did not willfully, intentionally, or knowingly violate the FDCPA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and requests for relief are barred in whole or in part because their alleged injuries were not proximately caused by any unlawful acts or omissions of ARS.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and requests for relief are barred in whole or in part by Plaintiffs' failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and requests for relief are barred in whole or in part by the doctrines of release, waiver, unclean hands, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

To the extent ARS might have violated the FDCPA, the violation resulted from a *bona fide* error regarding ARS's procedures for the collection of the subject debt.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

ARS expressly reserve the right to amend these affirmative defenses or to raise additional affirmative defenses as they become known during the course of the proceedings.

ARS respectfully requests that judgment be entered in its favor as to Plaintiffs' claims, and that Plaintiff recover nothing on those claims. ARS also requests that the Court award it reasonable attorney's fees, costs, and such other and further relief as permitted by applicable law.

Dated: March 23, 2018                                    Respectfully submitted,

                                                        Asset Recovery Solutions, LLC

                                                        By: /s/ Douglas Alan Albritton

                                                        Douglas Alan Albritton
                                                        Actuate Law, LLC
                                                        901 W. Jackson, Suite 204
                                                        Chicago, Illinois 60607
                                                        Phone: 312-579-3108
                                                        Fax:    312-251-3035
                                                        Email: doug.albritton@actuatelaw.com


                                                        *Attorney for Defendant*
                                                        *Asset Recovery Solutions, LLC*

22

**Certificate of Service**

I hereby certify that on March 23, 2018, I electronically filed or caused to be electronically filed with the Clerk of the U.S. District Court, Eastern District of Wisconsin, Green Bay Division, the foregoing **Answer and Affirmative Defenses of Asset Recovery Solutions, LLC to Plaintiff's Complaint** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Douglas A. Albritton