# EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

JACQUELYN A. VANDEHEY, and   )
MICHELLE L. O'LAIRE, on behalf of   )
themselves and all others similarly situated,   )
                       )
          Plaintiffs,   )
                       )
    *vs.*   )
                       )     Case No.: 1:18-cv-00144-WCG
ASSET RECOVERY SOLUTIONS, LLC, an   )
Illinois limited liability company; VELOCITY   )
INVESTMENTS LLC, a New Jersey limited   )
liability company; and, JOHN AND JANE   )
DOES NUMBERS 1 THROUGH 25,   )
                       )
          Defendants.   )
                       )

### DEFENDANT ASSET RECOVERY SOLUTIONS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

Defendant, Asset Recovery Solutions, LLC ("ARS"), by and through their attorneys,

Actuate Law, LLC, and as and for their response to Plaintiff's First Set of Requests to Admit

states as follows:

**Admission Request No. 1:** You are a Debt Collector.

    **Response to Request to Admit No. 1:** ARS objects to Request No. 1 as it improperly seeks an admission as to a legal conclusion.

**Admission Request No. 2:** The principal purpose Your business is the collection of Debts owed or due or asserted to be owed or due to another.

    **Response to Request to Admit No. 2:** ARS objects to Request No. 2 as it improperly seeks an admission as to a legal conclusion. Subject to and notwithstanding the foregoing objection, ARS admits that part of its business involves the collection of debts owed or due or asserted to be owed or due to another.

**Admission Request No. 3:** You regularly collect Debts owed or due or asserted to be owed or due to another.

29335.2

**Response to Request to Admit No. 3:** ARS objects to Request No. 3 as it improperly seeks an admission as to a legal conclusion. Subject to the foregoing objection, ARS admits that part of its business involves the collection of debts owed or due another.

**Admission Request No. 4:** You regularly attempt to collect Debts owed or due or asserted to be owed or due to another.

**Response to Request to Admit No. 4:** ARS objects to Request No. 4 as it improperly seeks an admission as to a legal conclusion. Subject to the foregoing objection, ARS admits that it regularly collects debts owed or due to another.

**Admission Request No. 5:** You collect Debts.

**Response to Request to Admit No. 5:** ARS incorporates its answer to Request to Admit No. 1 as its response to Request No. 5.

**Admission Request No. 6:** You collect Debts from Consumers.

**Response to Request to Admit No. 6:** ARS objects to Request No. 6 as it improperly seeks an admission as to a legal conclusion. Subject to and notwithstanding the foregoing objections, ARS admits that it collects debts from consumers.

**Admission Request No. 7:** Jacquelyn A. Vandehey is a Consumer.

**Response to Request to Admit No. 7:** ARS objects to Request No. 7 as it improperly seeks an admission as to a legal conclusion. Subject to and notwithstanding the foregoing objection, ARS states that it is not in possession of any information sufficient to admit or deny the statement set forth in Request No. 7 because, among other reasons, discovery in this matter just started and it has not yet deposed Ms. Vandehey. Accordingly, ARS does not yet have sufficient information to respond and therefore denies the same.

**Admission Request No. 8:** Michelle L. O'Laire is a Consumer.

**Response to Request to Admit No. 8:** ARS objects to Request No. 8 as it improperly seeks an admission as to a legal conclusion. Subject to and notwithstanding the foregoing objection, ARS states that it is not in possession of any information sufficient to admit or deny the statement set forth in Request No. 8 because, among other reasons, discovery in this matter just started and it has not yet deposed Ms. O'Laire. Accordingly, ARS does not yet have sufficient information to respond and therefore denies the same.

**Admission Request No. 9:** You mailed Exhibit A to Plaintiffs' Complaint [Doc. 1] in an attempt to collect a Debt.

> **Response to Request to Admit No. 9:** ARS objects to Request No. 9 as it improperly seeks an admission as to a legal conclusion and also because, among other reasons, the Request depends upon the statutory definition of "debt," but ARS has not yet had a chance to depose plaintiff to find out how she fits within the statute and accordingly ARS does not yet have sufficient information to respond and therefore further denies the same. Responding further, ARS admits that it mailed Ex. A and further states that the contents of Exhibit A speak for itself.

**Admission Request No. 10:** You mailed Exhibit B to Plaintiffs' Complaint [Doc. 1] in an attempt to collect a Debt.

> **Response to Request to Admit No. 10:** ARS objects to Request No. 10 as it improperly seeks an admission as to a legal conclusion and also because, among other reasons, the Request depends upon the statutory definition of "debt," but ARS has not yet had a chance to depose plaintiff to find out how she fits within the statute and accordingly ARS does not yet have sufficient information to respond and therefore further denies the same. Responding further, ARS admits that it mailed Ex. B and further states that the contents of Exhibit B speak for itself.

**Admission Request No. 11:** You have Documents that are used to train or instruct employees and/or Agents regarding what language is permissible to include in Your template written Communications that are mailed to Consumers.

> **Response to Request to Admit No. 11:** ARS admits that it has Documents used to train or instruct employees regarding their interactions with debtors.

**Admission Request No. 12:** You have Documents that memorialize Your policies or practices concerning the content of written Communications sent to Consumers.

> **Response to Request to Admit No. 12:** ARS admits that it has policies and procedures regarding written communications to debtors.

**Admission Request No. 13:** You drafted the template Communication attached as Exhibit A to Plaintiffs' Complaint [Doc. 1].

> **Response to Request to Admit No. 13:** Admit.

**Admission Request No. 14:** You drafted the template Communication attached as Exhibit B to Plaintiffs' Complaint [Doc. 1].

> **Response to Request to Admit No. 14:** Admit.

29335.2

**Admission Request No. 15:** You mailed, or caused to be mailed, the Communication attached as Exhibit A to Plaintiffs' Complaint [Doc. 1].

**Response to Request to Admit No. 15:** Admit.

**Admission Request No. 16:** You mailed, or caused to be mailed, the Communication attached as Exhibit B to Plaintiffs' Complaint [Doc. 1].

**Response to Request to Admit No. 16:** Admit.

**Admission Request No. 17:** You use the template Communication attached as Exhibit A to Plaintiffs' Complaint [Doc. 1] to collect Debts from Wisconsin residents.

**Response to Request to Admit No. 17:** ARS objects to Request No. 17 as it improperly seeks an admission as to a legal conclusion.

**Admission Request No. 18:** You use the template Communication attached as Exhibit B to Plaintiffs' Complaint [Doc. 1] to collect Debts from Wisconsin residents.

**Response to Request to Admit No. 18:** ARS objects to Request No. 18 as it improperly seeks an admission as to a legal conclusion.

**Admission Request No. 19:** You reviewed the template Communication attached as Exhibit A to Plaintiffs' Complaint [Doc. 1] prior to the date it was mailed.

**Response to Request to Admit No. 19:** Admit.

**Admission Request No. 20:** You reviewed the template Communication attached as Exhibit B to Plaintiffs' Complaint [Doc. 1] prior to the date it was mailed.

**Response to Request to Admit No. 20:** Admit.

**Admission Request No. 21:** You approved the content of the template Communication attached as Exhibit A to Plaintiffs' Complaint [Doc. 1] prior to the date it was mailed.

**Response to Request to Admit No. 21:** Admit.

**Admission Request No. 22:** You approved the content of the template Communication attached as Exhibit B to Plaintiffs' Complaint [Doc. 1] prior to the date it was mailed.

**Response to Request to Admit No. 22:** Admit.

**Admission Request No. 23:** During the Term, an initial written communication during the Term to at least 40 persons with addresses in the State of Wisconsin, which sought to collect a debt on behalf of Velocity Investments LLC, and which stated "the account balance may periodically increase due to the addition of accrued interest."

**Response to Request to Admit No. 23:** ARS admits that it sent letters to at least 40 persons on behalf of Velocity Investments LLC including the following language: "the account balance may periodically increase due to the addition of accrued interest."

**Admission Request No. 24:** During the Term, an initial written communication during the Term to at least 100 persons with addresses in the State of Wisconsin, which sought to collect a debt on behalf of Velocity Investments LLC, and which stated "the account balance may periodically increase due to the addition of accrued interest.

**Response to Request to Admit No. 24:** ARS admits that it sent letters to at least 100 persons on behalf of Velocity Investments LLC including the following language: "the account balance may periodically increase due to the addition of accrued interest."

**Admission Request No. 25:** During the Term, an initial written communication during the Term to at least 500 persons with addresses in the State of Wisconsin, which sought to collect a debt on behalf of Velocity Investments LLC, and which stated "the account balance may periodically increase due to the addition of accrued interest."

**Response to Request to Admit No. 25:** Deny.

**Admission Request No. 26:** Members of the Class can be Identified using Your business records.

**Response to Request to Admit No. 26:** ARS objects to Request No. 26 as it presumes that a Class can be certified, a presumption which ARS denies. To the extent a response is required, ARS denies.

**Admission Request No. 27:** Your net worth is in excess of $100,000.00.

**Response to Request to Admit No. 27:** Admit.

**Admission Request No. 28:** Your net worth is in excess of $500,000.00.

**Response to Request to Admit No. 28:** Admit.

**Admission Request No. 29:** Your net worth is in excess of $1,000,000.00.

**Response to Request to Admit No. 29:** Admit.

**Admission Request No. 30:** Your net worth is in excess of $5,000,000.00.

**Response to Request to Admit No. 30:** Deny.

**Admission Request No. 31:** Your net worth is in excess of $10,000,000.00.

     **Response to Request to Admit No. 31:**    Deny.

**Admission Request No. 32:** Your net worth is in excess of $25,000,000.00.

     **Response to Request to Admit No. 32:**    Deny.

**Admission Request No. 33:** Your net worth is in excess of $50,000,000.00.

     **Response to Request to Admit No. 33:**    Deny.

DATED:     May 14, 2018     Respectfully Submitted,

     ASSET RECOVERY SOLUTIONS, LLC,

     By: /s/ Douglas Alan Albritton
     One of Its Attorneys

     Actuate Law, LLC
     Douglas Albritton
     901 W. Jackson
     Chicago, IL 60607
     Tel: (312) 579-3108
     Fax: (312) 251-3035
     doug.albritton@actuatelaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of May a copy of the foregoing document has been

served through electronic mail and Federal Express upon counsel of record at the foregoing

address:


Andrew T. Thomasson
Philp D. Stern
Stern Thomasson, LLP
150 Morris Ave., 2nd Floor
Springfield, New Jersey 07081-1315
andrew@sternthomasson.com
philip@sternthomasson.com

*/s/ Douglas Alan Albritton*