IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JACQUELYN A. VANDEHEY, and )
MICHELLE L. O'LAIRE, on behalf of )
themselves and all others similarly situated, )
)
       Plaintiffs, )
)
   *vs*. )
)  Case No.: 1:18-cv-00144-WCG
ASSET RECOVERY SOLUTIONS, LLC, an )
Illinois limited liability company; VELOCITY )
INVESTMENTS LLC, a New Jersey limited )
liability company; and, JOHN AND JANE )
DOES NUMBERS 1 THROUGH 25, )
)
       Defendants. )

**DEFENDANTS ASSET RECOVERY SOLUTIONS, LLC's
AND VELOCITY INVESTMENTS, LLC'S
RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION[1]**

  Jacquelyn A. Vandehey's and Michelle L. O'Laire's motion for class certification should be denied as the promissory notes they executed for personal loans the plaintiffs received from WebBank (which then sold the loans to Prosper Funding, LLC ("Prosper"), and were then sold to Velocity Investments, LLC ("Velocity")) contain arbitration clauses and class action waivers, which prohibit them from maintaining this lawsuit in this forum or having a class certified. Therefore, plaintiffs' motion to certify a class should be denied.

**Background**

  Vandehey and O'Laire electronically signed promissory notes for personal loans from WebBank on December 29, 2015 and November 19, 2015, respectively. Dkt. 19-1 and 19-2. Both promissory notes contained identical provisions regarding arbitration and class actions relating to

---

[1]   Defendants have also filed a motion to compel arbitration of the plaintiffs' individual claims, based upon the arbitration clauses and class action waivers contained in the promissory notes. Dkt. 18 and 19.

the loans. Paragraph 18 of the promissory notes provides that all claims "arising from or relating to this [n]ote" . . . "shall be resolved, upon the election of either you or me, by binding arbitration. . ." Dkt, 19-1 and 19-2, ¶18 (a)(iii) and (b). Paragraphs 18(b) and (f) of the notes also provides that "[a]ny arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted," and "EACH [PARTY] MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING." Dkt. 19-1 and 19-2, ¶18(b), (f). Paragraph 18(h) also makes clear, in all caps, that:

> YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).

Dkt. 19-1 and 19-2, ¶18(h).

Paragraph 18(i) of the notes provided Vandehey and O'Laire the opportunity to reject the arbitration clause and class action waiver by "send[ing] [WebBank] written notice of . . . rejection within 30 days after the date that this Note was made." Dkt. 19-1 and 19-2, ¶18(i). Neither Vandehey nor O'Laire opted out of the arbitration and class action clauses in their promissory notes. As the notes make clear, the arbitration and class action provisions continue in effect after any sale or transfer, as WebBank is defined in the notes as itself, any person servicing the notes, any subsequent holders of the notes or any interest in the notes, any person servicing the notes for a subsequent holder of the notes, and each of their respective parents, subsidiaries, affiliates,

predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them.  Dkt. 19-1 and 19-2, ¶18(a)(ii).

Paragraph 22 of the notes includes a statement that Vandehey and O'Laire acknowledged that they had "read and underst[ood] all terms and conditions of th[e] Note," that they "agree[d] to the terms set forth [t]herein," and that they "acknowledge[d] receipt of a completely filled-in copy of the th[e] Note."  Dkt. 19-2 and 19-2, ¶22.  Prior to the signature block of the notes, it states "CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT."  Dkt. 19-1 and 19-2, p. 6.

On September 26, 2016, WebBank sold Vandehey's loan to Prosper.  Dkt. 19-3.  On November 22, 2016, Prosper sold Vandhey's loan to Velocity.  Dkt. 19-4.  On January 23, 2017, WebBank sold O'Laire's loan to Prosper.  Dkt. 19-5.  On January 23, 2017, Prosper sold O'Laire's loan to Velocity.  Dkt. 19-6.

On January 28, 2018, Vandehey and O'Laire filed the complaint in this case, alleging that defendants Asset Recovery Solutions, LLC ("ARS") and Velocity (along with 25 John and Jane Does) violated the Fair Debt Collection Practices Act in correspondence ARS and Velocity sent to Vandehey and O'Laire regarding their loans, after ARS and Velocity had purchased the loans from Prosper.  Dkt. 1.  On June 12, 2018, ALS and Velocity sent notice of their election to have Vandehey's and O'Laire's individual claims proceed in binding arbitration, as required by the promissory notes.  Dkt. 19-9. Counsel for ARS and Velocity, upon receiving the plaintiffs' documents in preparing discovery responses, shared the promissory notes containing the arbitration clause and class action waiver provisions with plaintiffs' counsel.  Dkt. 19-8.  In response, plaintiffs filed their motion to certify a class.  Dkt. 15.[2]

---

[2] ARS and Velocity would have brought this motion at an earlier date, but at the time their Answer was filed, the plaintiffs' promissory notes had not yet been located.

3

33187.1
Case 1:18-cv-00144-WCG    Filed 06/25/18    Page 3 of 10    Document 20

**Argument**

I.      **Plaintiffs Have Waived Their Participation in a Class Action.**

The promissory notes signed by Vandehey and O'Laire contain class action waivers and are valid contracts under Utah and Wisconsin state law.[3] Under both Wisconsin and Utah law, contract formation requires an offer, acceptance, and consideration. *In re PTR*, 833 N.W.2d 634, 649 (Wis. 2013), *Cea v. Hoffman*, 276 P.3d 1178, 1185 (Utah 2012). The promissory notes clearly contain Vandehey's and O'Laire's acceptance of WebBank's offer to loan them both money, in exchange for repayment with interest. Dkt. 19-1 and 19-2. As part of these contracts, Vandehey and O'Laire agreed to the class action waiver clause of Paragraph 18. Dkt. 19-1 and 19-2. These loans were then sold to Prosper, followed by Velocity, and the rights and obligations under the promissory notes transferred as well. Dkt. 19-1 and 19-2 B, ¶18(ii); Dkt. 19-3, 19-4, 19-5, 19-6, and 19-7. Thus, ARS and Velocity can enforce the class action waiver as subsequent holders/servicers of the promissory notes, pursuant to the clear language of Paragraph 18(a)(ii).

Vandehey and O'Laire have brought claims for violations of the Fair Debt Collection Practices Act concerning collection letters allegedly sent by ARS and Velocity, which they contend improperly discussed the accumulation of interest on their debts. Dkt. 1, ¶¶ 26-49. These claims are clearly (and facially) within the scope of the class action waiver. However, even if a scintilla of doubt exists about the applicability of Paragraph 18 to these claims, the language of Paragraph 18 itself clears up any possible ambiguity. Paragraph 18(a)(ii) defines WebBank as itself and "any subsequent holders" of the notes or "any person servicing" the note "for such subsequent holder," as well as "their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns. . ." Dkt. 19-1 and 19-2, ¶18(a)(ii). "Claim" in the promissory notes is

---

[3]     Both Vandehey and O'Laire are residents of Wisconsin (Dkt. 1, ¶¶ 8,10) and the promissory notes call for the state law of Utah to apply. Dkt. 19-1 and 19-2, ¶16.

4

defined as "any dispute, claim, or controversy. . . arising from or relating to this Note or the relationship between you and me . . ."[4] Dkt. 19-1 and 19-2, ¶18(a)(iii). Clearly, Vandehey's and O'Laire's claims are within the scope of the class action waiver.

### II. Plaintiffs Have Not and Cannot Establish Numerosity, Commonality, Typicality or Superiority and Dominance.

The presence of the arbitration clauses and class action waivers in plaintiffs' promissory notes also dooms their motion for class certification as they cannot satisfy the requirements of numerosity, commonality, typicality, or superiority and dominance, as required by Fed. R. Civ. P. 23. As this Court knows, the plaintiff bears the burden of proving that the prerequisites to class certification have been met by a preponderance of the evidence. *Messner v. Northshore Univ. Health System*, 669 F.3d 802, 811 (7th Cir. 2012). In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541 (2011), the Court held that "Rule 23 does not set forth a mere pleading standard." *Id*. at 351. Instead, a plaintiff "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id*. (emphasis in original).

### A. Plaintiffs Cannot Establish Numerosity.

Plaintiffs have defined the class in this case, in part, as "[a]ll person to whom [ARS] mailed an initial written communication . . . which sought to collect a debt on behalf of [Velocity] . . ." Dkt. 15, p. 1. The defined class has no limitation on the originator creditors for the defined debts. This Court knows, at a minimum, Plaintiffs' WebBank promissory notes contain class action waivers and arbitration provisions. Because plaintiffs' promissory notes contain arbitration clauses and class action waivers, an individualized fact inquiry will have to be done for any

---

[4] "You" and "me" are defined terms in the promissory notes and the definitions are contained at ¶18(i) and (ii). Paragraph 18(a)(ii) defines "you" and "your" as WebBank as well as subsequent holders or servicers of the promissory note, such as Prosper, ARS, and Velocity. Dkt. 19-1 and 19-2.

5

33187.1
Case 1:18-cv-00144-WCG   Filed 06/25/18   Page 5 of 10   Document 20

purported class members to discover if their promissory notes or underlying terms and conditions contain the same provisions which would defeat their actions being present in this court and proceeding on a class basis. If they do, those individuals (like Plaintiffs) may not participate in the class.[5] Thus, it cannot be known if any class could potentially qualify for the numerosity requirement until all of the promissory notes have been reviewed. Defendants have not conducted an individualized fact inquiry and thus, no party has any factual basis to assert that numerosity is satisfied, least of all Plaintiffs.

### B. Plaintiffs' Claims and Factual Circumstances Are Not Typical of Other Potential Class Members.

Rule 23(a)(3) requires the plaintiffs to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The typicality (and commonality) requirements of the Federal Rules ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). Although "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members," the requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983); *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 514 (7th Cir. 2006) (holding that the typicality requirement was not satisfied where the plaintiff's proposed class "include[d] people who knew fountain Diet Coke contained saccharin and bought it anyway" when the plaintiff "claim[ed] she

---

[5] It is also important to note that the initial information provided by Defendants' counsel regarding potential class size was provided: (1) in the context of a settlement discussion; and (2) prior to Defendants' locating the promissory notes. Once Defendants advised opposing counsel of the contents of the promissory notes, that initial potential class size figure became meaningless.

6

33187.1
Case 1:18-cv-00144-WCG    Filed 06/25/18    Page 6 of 10    Document 20

was deceived and injured"). Defendants have already established that both named plaintiffs have waived their rights to participate in a class action. Plaintiffs' claims also are subject to an arbitration provision that Defendants have exercised. Assuming arguendo that other class members' debts are not governed by the same sorts of terms (though they may be and thus would similarly fall out of the class), plaintiffs' claims are clearly not typical of other class members. Accordingly, plaintiffs' Motion must be denied and no class should be certified.

### C. Plaintiffs Cannot Demonstrate Commonality.

Rule 23(a)(2) requires the plaintiffs to show that "there are questions of law or fact common to the class." Merely reciting a list of common questions is insufficient. Instead, "[w]hat matters ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." The class members' claims "must depend upon a common contention .... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551 (internal quotations and citation omitted). Mere *assertion* by class counsel that common issues predominate is not enough -- rather, when factual disputes bear on issues vital to class certification, such as predominance, the court must "receive evidence ... and resolve the disputes before deciding whether to certify the case." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014), *quoting Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 676 (7th Cir. 2001).

Plaintiffs face the same obstacle for commonality as with typicality (and numerosity), as it will not be known if the proposed class is properly proceeding as a class in this court until all of the promissory notes have been reviewed for arbitration clauses and class action waivers. As has already been shown, Vandehey and O'Laire do not satisfy the requirement of typicality, as they

7

have waived their right to pursue a class action and therefore do not find themselves in the same position as other alleged class members. Finally, plaintiffs cannot meet the requirement of superiority and dominance as individualized inquiries into the provisions of each purported class member's promissory note will have to be undertaken to determine if they can properly be before this court as a class member.

## Conclusion

For a class action to be the appropriate format for the adjudication of a case, all of the requirements of Fed. R. Civ. P. 23 must be met. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015). Vandehey and O'Laire cannot show the necessary requirements in this case.

Vandehey and O'Laire cannot attempt to bring their claims as part of a class, as they have waived their right to do so. Dkt. 19-1 and 19-2, ¶¶ 18(b), (f), and (h). *American Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 238-39, 133 S.Ct. 2304 (2003) (upholding class action waiver even where cost of individual arbitration exceeds the potential recovery). Vandehey and O'Laire have also not shown that their proposed class can meet the requirements of numerosity, commonality, typicality, or superiority and dominance. Therefore, Vandehey's and O'Laire's recently filed motion for class certification should be denied by the Court.

WHEREFORE, ARS and Velocity respectfully request that the Court deny plaintiffs' motion for class certification as required by the language of the promissory notes.

Dated: June 25, 2018

Respectfully submitted,

/s/      Douglas A. Albritton

Counsel for Defendants
Asset Recovery Solutions, LLC and
Velocity Investments, LLC

Douglas A. Albritton
Actuate Law, LLC
641 W. Lake Street, 5th Floor
Chicago, IL 60661
Telephone: (312) 579-3108
Facsimile: (312)
Email: doug.albritton@actuatelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2018, I served the foregoing via email and U.S. Mail upon Plaintiff's counsel as follows:

Andrew T. Thomasson
Philip D. Stern
Stern Thomasson LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
andrew@sternthomasson.com
philip@sternthomasson.com

/s/ Douglas A. Albritton
Douglas A. Albritton